UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIAD W. OMRAN,

    Plaintiff,                                 Case No. 12-10116

v.

                                             Hon. John Corbett O'Meara

BEACH FOREST SUBDIVISION
ASSOCIATION, INC., *et al.,*

    Defendants.
_____/

## ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

Before the court is G. Reynolds Sims and Sims & Associates' motion to dismiss, filed February 8, 2012. Plaintiff submitted a response on February 29; Defendants filed a reply brief on March 16, 2012. The court heard oral argument on May 3, 2012, and took the matter under advisement. For the reasons stated below, the court grants Defendants' motion.

## BACKGROUND FACTS

Plaintiff Eiad W. Omran lives in the Beach Forest Subdivision in Troy, Michigan. The subdivision has deed restrictions, including that changes in landscaping or exterior improvements must be approved by the subdivision's Architectural Control Committee ("ACC"). Plaintiff erected two statutes/fountains in his front yard without seeking approval from the ACC and was eventually fined $2,000. After Plaintiff did not pay the fine, Defendant G. Reynolds Sims & Associates, P.C., was hired by the subdivision association to pursue legal remedies against Plaintiff. (G. Reynolds Sims was also a director of association.) State court litigation between the association and Plaintiff is ongoing.

Plaintiff filed this action against the Beach Forest Subdivision Association, various officers and directors of the association, and G. Reynolds Sims & Associates P.C., on January 10, 2012. The court declined to exercise supplemental jurisdiction over Plaintiff's state claims. Plaintiff's remaining federal claims are alleged violations of 42 U.S.C. § 1981, 42 U.S.C. § 1985, and the Fair Debt Collection Practices Act. Essentially, Plaintiff contends that the association selectively enforces deed restrictions against persons of Arabic ancestry.

## LAW AND ANALYSIS

### I. Standard of Review

Defendants G. Reynolds Sims and Sims & Associates seek dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

### II. Claim under 42 U.S.C. § 1981

42 U.S.C. § 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

> persons and property as is enjoyed by white citizens, and shall be
> subject to like punishment, pains, penalties, taxes, licenses, and
> exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "In order to establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006).

In the complaint, Plaintiff contends that in "selectively enforcing deed restrictions against persons fo Arabic ancestry, the *Association* engaged in intentional discrimination based on Dr. Omran's race and/or ancestry, and caused Dr. Omran to suffer deprivation of their [sic] right to make and enforce contracts." Compl. at ¶ 34 (emphasis added). The complaint is devoid of factual allegations concerning G. Reynolds Sims or Sims & Associates' involvement in enforcing the deed restrictions, however, and Plaintiff's response brief does not provide further illumination. In order to survive a motion to dismiss, Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The lack of factual allegations connecting Sims or Sims & Associates to any potential § 1981 violation dooms Plaintiff's complaint on this count.

### III.   Claim under 42 U.S.C. § 1985

Plaintiff's § 1985 claim is similarly flawed, because it requires a violation of a substantive right, such as one conferred by § 1981.

> The Reconstruction-era Congress passed § 1985(3) in order to
> provide a cause of action against participants in private
> conspiracies to deprive others of legal rights. Griffin v.
> Breckenridge, 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d

> 338 (1971). A plaintiff makes out a valid cause of action under § 1985(3) by demonstrating: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen.

Volunteer Medical Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 226 (6th Cir. 1991) "[T]he Supreme Court has consistently interpreted § 1985(3) as a purely remedial rather than substantive statute; its aim is to provide an effective remedy for private conspiracies that violate otherwise existing rights. As the *Scott* Court clarified, § 1985(3) 'provides no substantive rights itself' to the class conspired against. The rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere...." Id. (citing United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 832 (1983)).  Having failed to allege any facts suggesting that Sims or Sims & Associates discriminated against him, Plaintiff also cannot sustain a conspiracy claim under § 1985.

**IV.     Fair Debt Collection Practices Act Claim**

Plaintiff has also alleged a Fair Debt Collection Practices Act ("FDCPA") claim against Sims and Sims & Associates.  Specifically, Plaintiff contends that letters sent by these defendants in an attempt to collect the fines imposed by the Association did not comply with the FDCPA. See Compl. at ¶¶ 69-71.  Defendant argues that dismissal is appropriate because the fines do not create a "debt" as defined by the FDCPA and, therefore, the statute does not apply.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15

U.S.C. § 1692a(5). When determining whether an obligation is a "debt" under the statute, courts focus on whether it arose from a consensual consumer transaction for goods or services. See Gulley v. Markoff & Krasny, 664 F.3d 1073, 1075 (7th Cir. 2011). As a matter of first impression, the Seventh Circuit in Gulley concluded that fines do not constitute debts under the FDCPA because they do not arise from a consensual consumer transaction for goods or services. Id. (citing district court cases and noting that they "have concluded uniformly that a fine does not stem from a consensual transaction and thus is not a debt under the FDCPA"). See also Durso v. Summer Brook Preserve Homeowners Ass'n, 641 F. Supp.2d 1256, 1264 (M.D. Fla. 2008) (finding fine assessed by homeowners association against homeowner not debt under FDCPA). Cf. Ladick v. Van Gemert, 146 F.3d 1205, 1206-1207 (10th Cir. 1998) (finding condominium *assessment* to be debt under FDCPA because the obligation arose upon the purchase of the condominium).

Plaintiff contends that Defendants not only attempted to collect the fines on behalf of the association, but also the 2009 annual assessment of $300, which would constitute a debt under the FDCPA. See id. Although the 2009 annual assessment could create a debt under the FDCPA, it cannot form the basis for Plaintiff's claim because it is barred by the statute of limitations. Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In the complaint, Plaintiff alleges that Sims attempted to collect the assessment in a February 2009 letter and an October 2009 lawsuit. Plaintiff filed this action on January 10, 2012, well outside the one-year period.

For these reasons, the court will dismiss Plaintiff's FDCPA claim against Sims and Sims & Associates.

**<u>ORDER</u>**

     IT IS HEREBY ORDERED that Defendants G. Reynolds Sims and Sims & Associates' February 8, 2012 motion to dismiss is GRANTED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: May 11, 2012

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 12, 2012, using the ECF system.

                                                s/William Barkholz
                                                Case Manager