UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIAD W. OMRAN,

    Plaintiff,                                    Case No. 12-10116

v.

                                                Hon. John Corbett O'Meara

BEACH FOREST SUBDIVISION
ASSOCIATION, INC., *et al.,*

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the court is Plaintiff's motion for reconsideration of the court's May 11, 2012 order granting Defendants G. Reynolds Sims and Sims & Associates' motion to dismiss. The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3). A motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." Smith v. Mount Pleasant Schools, 298 F. Supp.2d 636, 637 (E.D. Mich. 2003) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 357, 374 (6th Cir. 1998).

Upon review of Plaintiff's motion, the court concludes that Plaintiff has not demonstrated

a "palpable defect" by which the court and the parties have been misled, particularly in light of the court's grant of the Beach Forest Subdivision's motion for summary judgment. Plaintiff has not articulated facts suggesting that any of the Defendants intentionally discriminated against him. As a result, he cannot sustain his 42 U.S.C. §§ 1981 or 1985 claims. See Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006) (one element of § 1981 claim requires a showing of intentional discrimination); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (holding that to prevail on a conspiracy claim under § 1985 "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's May 25, 2012 motion for reconsideration is DENIED.

                                               s/John Corbett O'Meara
                                               United States District Judge

Date: August 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 29, 2012, using the ECF system.

                                               s/William Barkholz
                                               Case Manager