UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIAD W. OMRAN,

    Plaintiff,

v.

Case No. 12-10116

Hon. John Corbett O'Meara

BEACH FOREST SUBDIVISION
ASSOCIATION, INC., *et al.*,

    Defendants.

_____/

**OPINION AND ORDER DENYING MOTIONS
FOR RECONSIDERATION AND FOR ATTORNEYS' FEES**

Before the court are several motions: (1) Beach Forest Subdivision Defendants' motion for reconsideration of this court's order denying Rule 11 sanctions; (2) Plaintiff's motion to strike Defendants' motion for reconsideration as untimely; (3) Defendants G. Reynolds Sims and G. Reynold Sims & Associates, P.C.'s motion for attorney fees; and (4) Beach Forest Subdivision Defendants' motion for attorney fees.

On August 28, 2012, the court granted the Beach Forest Subdivision Defendants' motion for summary judgment, denied its motion for sanctions, and entered judgment in favor of Defendants. Defendants seek reconsideration of the court's order denying sanctions and also seek attorney fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d). Because the court did not issue a written opinion regarding the Beach Forest Subdivision Defendants' motion for summary judgment, and the underlying facts are relevant to the pending motions, the court will outline its reasoning below.[1]

---

[1] The court dismissed Plaintiff's claims against the Sims Defendants in a written opinion and order dated May 11, 2012.

**BACKGROUND FACTS**

Plaintiff Eiad W. Omran lives in the Beach Forest Subdivision in Troy, Michigan. The subdivision has deed restrictions, including that changes in landscaping or exterior improvements must be approved by the subdivision's Architectural Control Committee ("ACC"). The deed restrictions also provide that "[n]o law ornaments, sculptures, or statues shall be placed or permitted to remain on any Lot." Defs.' Ex. 3.

On or about July 5, 2008, Plaintiff installed two concrete fountains in front of his house. See Defs.' Ex. 4. On July 7, 2008, Plaintiff received a Deed Restriction Notice from the Beach Forest Subdivision Association, which requested that Plaintiff take "corrective action" regarding his two fountains. Plaintiff sent an email to the Association, stating that he did not believe he was violating the deed restrictions because the fountains were not on his lawn. Defs.' Ex. 6. Lynn Remenar, who was President of the Association's Board of Directors, responded to Plaintiff's email. Remenar noted that lawn ornaments, sculptures, or statues were not permitted on any lot and requested that Plaintiff remove the fountains within two weeks. Defs.' Ex. 7. Plaintiff responded that "not all the homeowners are complying with this restriction, since many of them have lawn ornaments, sculptures, and/or statues on their properties. It is fair to say: that all homeowners should be treated equally." Defs.' Ex. 8.

Shortly afterward, Plaintiff retained an attorney, who wrote a letter to the Association. The letter provided in part: "While we do not deny the existence of the Deed Restriction, we cannot stand idly by and allow for its selective enforcement. There are dozens of homes in the Beach Forest Subdivision that are in violation of this restriction as it is written. We cannot speculate at this time as to the reason Dr. Omran has been singled out in its enforcement, but we

certainly hope that his ethnic background was not a factor." Defs.' Ex. 9. On July 25, 2008, the Association's attorney responded, requesting compliance with the deed restrictions and enclosing Architectural Control Committee Hearing and Appeals Procedures for Violations of Deed Restrictions.

Neither Plaintiff nor his attorney responded or attempted to address the issue. On September 21, 2008, the Association's Board of Directors imposed a fine of $2,000 on Plaintiff for "maintaining lawn ornaments, sculptures, and/or statues on said property." Defs.' Ex. 11. The Association's attorney sent a letter to Plaintiff's attorney regarding the fine and informed him that Plaintiff could request a formal hearing. Defs.' Ex. 12. Plaintiff did not respond, pay the fine, or remove the fountains.

The Association wrote Plaintiff again in January 2009 and May 2009 regarding the unpaid fine. Again, Plaintiff did not respond to either letter. In October 2009, the Association filed a complaint in state district court to collect the fine; the case was transferred to Oakland County Circuit Court, where it was stayed pending the outcome of this case.

On April 4, 2011, the Association's Board of Directors approved a second fine of $25,500 for Plaintiff's failure to comply with the deed restrictions. The Association's attorney sent a letter to Plaintiff on April 26, 2011, which informed him that if the "violation is voluntarily corrected and that statues/fountains removed by July 18, 2011; this fine (if paid) and the original $2,000.00 assessment (if paid) for a total of $27,500 will be refunded." Defs.' Ex. 17. Plaintiff did not respond, pay the fine, or remove the fountains.

Plaintiff filed this action on January 10, 2012, against the Association and a number of its officers and directors, alleging violations of 42 U.S.C. §§ 1981 and 1985 as well as various state

claims. The court declined to exercise supplemental jurisdiction over Plaintiff's state claims. Essentially, Plaintiff claimed that Defendants discriminated against him because of his Arabic ancestry by selectively enforcing the deed restrictions against him.

## LAW AND ANALYSIS

### I.     Plaintiff's Discrimination Claims

Defendants sought summary judgment on Plaintiff's §§ 1981 and 1985 claims. 42 U.S.C. § 1981 prohibits intentional race discrimination in the making and enforcing of contracts. See Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006). The statute's protection extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). In order to establish a discrimination claim under § 1981, a plaintiff must show: (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in § 1981(a). Id. at 358.

For claims involving circumstantial evidence of intentional discrimination, the court employs the same McDonnell Douglas burden-shifting analysis under § 1981 as it does for claims under Title VII. Id.; see also McDonnell Douglas v. Green, 411 U.S. 792 (1973). "Under that framework, the plaintiff must present a *prima facie* case, at which point the defendant must come forward with a legitimate, non-discriminatory reason for its action. If the defendant can respond with such a reason . . . the plaintiff has the burden of offering evidence that the defendant's justification is a pretext that masks its true discriminatory intent." Amini, 440 F.3d at 359-60. "A plaintiff can demonstrate pretext 'by showing that the proffered reason (1) has no

basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" Id. at 360.

Plaintiff contended that Defendants actions in enforcing the lawn ornament restriction against him are discriminatory.  Plaintiff argued that the restriction has not been enforced against anyone other than himself and that the Association has not assessed a penalty against any other homeowner for violating this deed restriction.  Plaintiff also asserted that the Association has never before sought enforcement through the filing of a lawsuit and that the second, $25,500 fine is unprecedented and "irrationally punitive."  Finally, Plaintiff maintained that other homeowners in the Association are displaying lawn ornaments without penalty.

Plaintiff did not provide proof, however, that similarly situated homeowners have been treated differently by the Association.  In 2011, Plaintiff took photographs of seven homes that he believes are in violation of the deed restriction; although those photos are not clear, some of them appear to depict flower pots on porches or benches.  See Defs.' Ex. 18.  None of them depict fountains or statuary the size of Plaintiff's.  Plaintiff did not appear to dispute that he violated the deed restriction, but believes that the restriction has been selectively enforced.

Even if the court accepted Plaintiff's argument that the Association selectively enforced the deed restriction against him, Plaintiff has provided no evidence that the Association did so as a result of discriminatory animus.  Plaintiff testified in his deposition that unidentified neighbors told him that the "entire case is about [his Arabic] last name."  Besides being hearsay, this statement cannot be imputed to the Association.  Although the dealings between the parties, including the Association's latest $25,500 fine, do suggest acrimony, or perhaps the Association's desire to get Plaintiff's attention, there is no evidence that the Association's

actions are the result of discriminatory animus as opposed to a neighborhood power struggle.

Plaintiff suggested that Defendants' motion was premature, because the parties did not engage in discovery other than taking Plaintiff's deposition. The only discovery Plaintiff sought, however, are the "other purported violation notices" the Association sent to other homeowners. See Pl.'s Resp. at 6-8. This discovery will be of no assistance to Plaintiff here; as discussed above, even if the Association did not sent violation notices to any other homeowner, Plaintiff has not provided evidence that any other homeowner is similarly situated or that the selective enforcement against him is the result of discriminatory animus. Further, Plaintiff has not otherwise complied with Fed. R. Civ. P. 56(d), which states that if "a nonmovant shows *by affidavit or declaration that, for specified reasons*, it cannot present facts essential to justify its opposition, the court may" allow time for discovery. Id. (emphasis added). "If the appellant has not filed either a Rule 56(f) [now Rule 56(d)] affidavit or a motion that gives the district court the chance to rule on the need for additional discovery, this court will not normally address whether there was adequate time for discovery." Cacevic v. City of Hazel Park, 226 F.3d 483, 488-89 (6th Cir. 2000) (citation omitted).

Given Plaintiff's lack of evidence of intentional discrimination, the court granted summary judgment on Plaintiff's § 1981 claim. Plaintiff's § 1985 (conspiracy to interfere with civil rights) claim was dismissed for the same reason. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (holding that to prevail on a conspiracy claim under § 1985 "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action").

## II.     Beach Forest Subdivision Defendants' Motions

Now, the Beach Forest Subdivision Defendants seek sanctions under Rule 11 and/or attorney fees pursuant to § 1988 and Fed. R. Civ. P. 54(d). Although a prevailing plaintiff is ordinarily entitled to attorney fees under § 1988, a prevailing defendant is not routinely entitled to such an award. As the Sixth Circuit has explained:

> An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct. . . . A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

Riddle v. Egensperger, 266 F.3d 542, 547 (6th Cir. 2001). "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421-22 (1978).

The court is not persuaded that plaintiff or his counsel has engaged in "truly egregious" misconduct warranting the "extreme sanction" of an attorney fee award under § 1988. Although Plaintiff was ultimately unable to provide proof of discrimination, the court is unable to conclude that Plaintiff's claims against the Beach Forest Subdivision Defendants were "groundless at the outset." See id. at 550. Nor is the court persuaded that Plaintiff's claims against the Beach Forest Subdivision Defendants were so lacking in factual or legal basis as to warrant sanctions under Rule 11. See Fed. R. Civ. P. 11; U.S. v. Marion L. Kincaid Trust, 463 F. Supp.2d 680, 697 (E.D. Mich. 2006) (standard for imposing sanctions is whether attorney's conduct was "reasonable under the circumstances").

However, as the prevailing parties, Defendants are entitled to costs pursuant to Rule

54(d). See Jefferson v. Jefferson Cty. Pub. Sch. Sys., 360 F.3d 583, 591 (6th Cir. 2004) ("Because all of plaintiff's federal claims have been dismissed, defendants are clearly the 'prevailing party' in this action under Rule 54(d) and are entitled to the reasonable costs awarded by the district court."). Defendants have submitted a bill of costs in the amount of $1,435.55, which the court finds to be reasonable and appropriate.

Accordingly, the court will deny Defendants' motion for reconsideration and motion for attorney fees, but grant Defendants' request for costs.

### III.     Sims Defendants' Motion for Attorney Fees

As for Defendants G. Reynolds Sims and G. Reynolds Sims & Associates, P.C., the issue of attorney fees under § 1988 presents a closer question. The court dismissed Plaintiff's claims against these defendants pursuant to Rule 12(b)(6), finding that Plaintiff failed to make any factual allegations suggesting that they discriminated against him. However, in the context of Rule 11, the Sixth Circuit has noted that "[a]s a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint." Tahfs v. Proctor, 316 F.3d 584, 594 (6th Cir. 2003) ("Much of what we have said with regard to the Rule 11 basis for awarding attorney fees on a sanction applies here [to § 1988], although the criteria for the two bases are not identical."). Although the court found Plaintiff's civil rights claims against these defendants to be inadequately pleaded, the court cannot find, based upon the record before it, that Plaintiff or his counsel engaged in "truly egregious" misconduct warranting the "extreme sanction" of an attorney fee award under § 1988.

As prevailing parties, however, the Sims Defendants are entitled to costs pursuant to Rule

-8-

54(d). To the extent the Sims Defendants have incurred such costs, they may file a bill of costs, to be taxed by the Clerk of the Court.

## ORDER

IT IS HEREBY ORDERED that the Beach Forest Subdivision Defendants' motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike the motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that the Beach Forest Subdivision Defendants' motion for attorney fees and costs is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Sims Defendants' motion for attorney fees is DENIED.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: May 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 24, 2013, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager